UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John L. Norris,

    Petitioner,

v.                                     Case No. 12-14915

John Preselnik,                   Honorable Sean F. Cox
                                           Magistrate Judge Paul J. Komives

    Respondent.
_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION

       This is a petition for writ of habeas corpus filed by Petitioner, a Michigan state prisoner, pursuant to 28 U.S.C. § 2254. On February 12, 2008, Petitioner was convicted of three counts of first degree criminal sexual conduct ("CSC") with a person 13-15 years old, obstruction of justice, felon in possession of a firearm, and possession of a firearm during the commission of a felony. (Gov. Resp., Doc. #9, at 1). Petitioner is currently serving multiple sentences for these convictions, which range from 5-to-50 years to 20-50 years, with a two year consecutive sentence for the felony firearm conviction. *Id.*

       Petitioner's appellate process in the state courts was unsuccessful. Here, Petitioner lodges numerous challenges to his state court conviction. Specifically, Petitioner contends that he is entitled to relief from the state court conviction for the following reasons:

    I.      Petitioner was denied a fair trial by the admission of repeated evidence of prior bad acts of domestic violence;

    II.     The prosecutor violated Petitioner's state and federal constitutional due

      process rights to a fair trial by telling the jury that she knew "the truth in this case," vouching for the credibility of the complaining witness, calling Petitioner's alibi witness "not truthful" and accusing defense counsel of misleading the jury. Defense counsel was constitutionally ineffective in failing to object to the prosecutor's misconduct;

III.    Newly discovered evidence clearly demonstrates insufficiency of facts relied upon for the conviction and shows actual innocence;

IV.    New evidence reveals Petitioner's convictions are against the great weight of the evidence where the tape recording of Petitioner's conversations was purposely altered and presented under false pretenses, and a transcript of it produced, violating defendant's due process right to a fair trial, supporting conviction with evidence presented out of proper context or time frame;

V.    New evidence demonstrates no support for obstruction of justice where there was a lack of elements presented in jury instruction as presented by the prosecution and relied upon by the trial court and a more specific charge should have been brought by the prosecution;

VI.    New evidence demonstrates that *Brady* violations occurred where the prosecution was aware of key evidence needed by the defense at trial but failed to allow Petitioner discovery and unfairly strengthened only the prosecutor's theory of the case through the denial.

(Gov. Resp. at 2).

On May 10, 2013, the Court referred this matter to Magistrate Judge Paul J. Komives for a report and recommendation, and for the entry of "any preliminary orders." (Doc. #8). Magistrate Judge Komives did, indeed, issue a Report and Recommendation ("R&R") on November 20, 2013, wherein he recommended that this Court deny Petitioner's § 2254 petition in its entirety and decline to issue a certificate of appealability.

Pursuant to Fed. R. Civ. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being

served with a copy of the R&R. "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Petitioner filed objections to the November 20, 2013 R&R. (Doc. #30). In fact, Petitioner filed twenty-one pages of objections to the November 20, 2013 R&R. This Court has considered Petitioner's objections and finds them to be wholly without merit. Nevertheless, this Court will address each of Petitioner's discernable objections in turn.

**1.      Procedural Default**

A significant portion of Petitioner's brief is dedicated to arguing that his claims are not barred by procedural default in the state courts. (Petr. Obj. at 2-7). However, the Magistrate Judge did not rule on the issue of procedural default argument. Rather, the Magistrate Judge found that "[b]ecause it is clear that [petitioner's] claims are without merit, the Court may deny them on this basis without resolving respondent's exhaustion and procedural default arguments." (Nov. 20, 2013 R&R at 6). Therefore, this Court OVERRULES Petitioner's objection regarding procedural default as irrelevant to the Magistrate Judge's recommendation.

**2.      Prior Bad Acts Evidence**

Petitioner next appears to object to the Magistrate Judge's findings regarding the admission of "prior bad acts" evidence at trial. (Petr. Obj. at 7). Petitioner does not argue that the Magistrate Judge erred in his finding, but reiterates the reasons he believes the trial court erred in admitting the evidence. Petitioner argues that "the trial court error and prosecution by allowing Taylor to testified

3

to a number of uncharged acts of domestic violence . . . [t]his evidence infect the trial with unfairness as to make the resulting conviction a denial of due process." (Petr. Obj. at 7).

Magistrate Judge Komives properly considered and rejected this argument. "[H]abeas corpus is not available to remedy a state court's error in the application of state law." (R&R at 10). On that basis,

> unless a violation of a state's evidentiary rule results in the denial of fundamental fairness, an issue concerning the admissibility of evidence does not rise to the level of a constitutional magnitude . . . This being the case, petitioner is not entitled to habeas relief even if the evidence was not properly admitted under Rule 404(b). Both the Supreme Court and the Sixth Circuit have repeatedly held that a defendant is not denied a fair trial by the admission of prior bad acts evidence which is relevant in the defendant's trial . . . .

(Nov. 20, 2013 R&R at 10-11).

This Court agrees with Magistrate Judge Komives' reasoning. Because the state court did not violate any clearly established Supreme Court precedent by admitting the prior bad acts evidence, Petitioner is not entitled to relief. Therefore, this Court OVERRULES Petitioner's objection as it relates to the admission of prior bad acts evidence.

### 3. Prosecutorial Misconduct/Ineffective Assistance of Counsel

In his Objections, on the issue of prosecutorial misconduct, Petitioner merely refers this Court to arguments contained in his prior briefs. (Petr. Obj. at 12). As this is not a proper objection, this Court shall OVERRULE Petitioner's objection as it relates to prosecutorial misconduct.

Petitioner also appears to argue, for the first time in his Objections, that his trial counsel was ineffective for "failure to investigate, interview, or call potential witnesses, to interview or prepare witnesses called to testify." (Petr. Obj. at 14). Petitioner did not put this claim before the Magistrate

Judge for consideration. Thus, this Court shall OVERRULE Petitioner's objection as it relates to ineffective assistance of counsel.

**4.     Newly Discovered Evidence**

Petitioner purports to state numerous objections to the Magistrate Judge's R&R on the issues of newly discovered evidence. Again, Petitioner's argument is nothing more than an extensive reiteration of the arguments considered and rejected by Magistrate Judge Komives.

In finding that Petitioner is not entitled to habeas relief on the basis of his "newly discovered evidence," Magistrate Judge Komives found that

>  A)    Petitioner's actual innocence claim fails because his new evidence does not establish that he is innocent (Nov. 20, 2013 R&R at 20);
> 
>  B)    Petitioner's claim that his conviction was against the weight and sufficiency of the evidence, including the new evidence, fails because "[t]he [new evidence] was not presented at trial and therefore cannot be considered in an insufficiency argument . . ." ((Nov. 20, 2013 R&R at 23-24). Magistrate Judge Komives further found that the victim and her mother's testimony was sufficient for conviction on the CSC charges, the mother's testimony was sufficient to support the felon-in-possession conviction, and the victim's mother's testimony was sufficient to support the obstruction of justice charge. (Nov. 20, 2013 R&R at 25);
> 
>  C)    Petitioner's claim regarding the altered tape recorded phone conversations also fails because Petitioner does not point to specific portions of the tape that were altered, nor does he show that the tape was, in fact, altered. (Nov. 20, 2013 R&R at 27);
> 
>  D)    Petitioner's argument that he was improperly charged with obstruction of justice, instead of the "more specific" charge of witness intimidation, fails because the "prosecutor has broad discretion in deciding what charges to pursue, and the prosecutor's charging decisions are generally not subject to review by the courts." (Nov. 20, 2013 R&R at 28); and
> 
>  E)    Petitioner's argument that the prosecution withheld exculpatory evidence

>from his defense counsel, in violation of its *Brady* duties, fails because Petitioner does not point to any exculpatory evidence that was suppressed. (Nov. 20, 2013 R&R at 30). Petitioner's claim that the prosecutor perjured testimony was also without merit, as Petitioner bears the burden of proving that the testimony in question "amounted to perjury," (Nov. 20, 2013 R&R at 31), and Petitioner failed to satisfy that burden.  (Nov. 20, 2013 R&R at 31).

Petitioner obviously disagrees with Magistrate Judge Komives's findings, but does not identify any specific deficiencies in the Magistrate Judge's reasoning. Further, this Court agrees with the Magistrate Judge's recommendations. Therefore, this Court will OVERRULE Petitioner's objections to Magistrate Judge Komives' Nov. 20, 2013 R&R as it relates to newly discovered evidence in the case.

**5.      Certificate of Appealability**

Petitioner objects to Magistrate Judge Komives's recommendation that this Court should decline to issue Petitioner a certificate of appealability. Petitioner argues, in part, that "Petitioner has made a substantial showing of the denial of a constitutional right 28 U.S.C. 2253. That a reasonable jurist could debate whether [sic], or agree that petitioner should have adequate [sic] to deserve encouragement to proceed further." (Petr. Obj. at 21).

Insofar as Petitioner merely reiterates arguments that he made before Magistrate Judge Komives, his objections are without merit. Moreover, this Court agrees that Petitioner has not made a substantial showing that the state trial court denied him a Constitutional right, such that reasonable jurists could differ on the just resolution of his claims. Therefore, this Court shall OVERRULE Plaintiff's objection as it relates to a certificate of appealability.

## CONCLUSION & ORDER

For the reasons set forth above, the Court hereby ACCEPTS AND ADOPTS Magistrate Judge Komives's November 20, 2013 Report and Recommendation (Doc. #24). The Court hereby ORDERS:

1) Petitioner's Application For A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is DENIED;

2) Petitioner's Request for a Certificate of Appealability is DENIED.

**IT IS SO ORDERED.**

Dated: March 11, 2014          S/ Sean F. Cox
                               Sean F. Cox
                               U. S. District Court Judge


I hereby certify that on March 11, 2014, the foregoing document was served upon counsel of record by electronic means and upon John L. Norris by First Class Mail at the address below:

John Norris 170886
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784

Dated: March 11, 2014          S/ J. McCoy
                               Case Manager